**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IDRIS MUNSON, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 08-5131 |
| THE CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.** **JULY 15, 2009**

Presently before the Court is a Motion for Summary Judgment filed by Defendants, the City of Philadelphia (the "City"), Philadelphia Police Officers James Dougherty, Kimyatta Davis, Timothy Bogan, John Brennan, Sergeant Torpey, and William Torpey ("Defendant officers"), former Philadelphia Police Commissioner Sylvester Johnson ("Commissioner Johnson"), and current Police Commissioner Charles Ramsey ("Commissioner Ramsey"). For the reasons set forth below, the Motion will be granted with regard to all causes of actions.

## I. BACKGROUND

On October 27, 2008, Plaintiff Idris Munson ("Munson") filed a Complaint against the City, the Defendant officers, and Commissioners Johnson and Ramsey, in their individual and official capacities, alleging that these Defendants violated his constitutional and federal statutory rights pursuant to 42 U.S.C. § 1983,[1] and committed numerous tortious acts upon him.

---

[1]Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance,

Munson's claims stem from an incident that occurred on October 26, 2008 at his residence located at 2634 Earp Street in Philadelphia, Pennsylvania. Munson asserts that on this date, at approximately 2:30 a.m., the Defendant officers, along with Philadelphia Warrant Unit officers, arrived at his front door looking for a man named Larry Brown. They had an arrest warrant for Brown who was wanted for aggravated assault. (Defs.' Mot. Summ. J., Ex. B.) Munson contends that he opened the door and the Defendant officers entered. Munson alleges that one or more of the officers used excessive force when he was pushed up against his couch, "flipped" onto the floor, and pinned to the ground. He further claims that one officer "jumped on [his] back with his knee and a bunch of other cops came on [him] and just held [him]." (Munson Dep. 28-31.) He was then put in handcuffs, and placed on his couch while the officers secured the house. (Id. at 31.)

While inside the house, the Defendant officers observed a large quantity of drugs and drug paraphernalia in plain view in the kitchen. The officers subsequently confiscated two scales, two large freezer bags containing marijuana, and another plastic bag containing cocaine. (Defs.' Mot. Summ. J., Ex. B.) Munson was charged with three separate counts of narcotic violations, including possession with intent to deliver a controlled substance. He pled guilty to the charge of possession with intent to deliver, and received a sentence of 11½ to 23 months in

---

> regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983.

prison. Id.

Munson claims injuries from the alleged excessive force used against him during his arrest, including a broken right index finger, and injuries to his right leg, wrist, and shoulder. He avers in his Complaint that the Defendant officers violated his Fifth and Fourteenth Amendment rights by using excessive force against him. Munson also has brought a municipal liability claim against the City, as well as Commissioners Johnson and Ramsey, alleging that the City and these Commissioners have policies, practices, and customs which caused his constitutional rights to be violated. (Compl. ¶¶ 15-24.) Munson has also brought state law claims for assault, battery, harassment, and intentional and negligent infliction of emotional distress.

During the course of discovery, the Defendants assert that Munson failed to produce any medical evidence that his index finger was broken and/or evidence of back and shoulder injuries stemming from the incident in question. Rather, they claim that Munson produced medical records which indicated that he had a mass on his right index finger that was a pre-existing condition. (Munson Dep., Ex. 1.)

In light of the medical evidence produced, on April 30, 2009, counsel for the Defendants sent a letter to Munson's counsel, Rania Major-Trunfio, Esq., stating that this lawsuit is frivolous, and requesting that it be withdrawn pursuant to Rule 11(b) of the Federal Rules of Civil Procedure. (Defs.' Mot. Summ. J., Ex. C.) On May 5, 2009, the Defendants' attorney sent another letter to Ms. Major-Trunfio confirming a telephone conference wherein she indicated that Munson would not agree to withdraw his lawsuit, but that Ms. Major-Trunfio had intended to withdraw as his counsel due to the frivolous nature of the lawsuit. (Defs.' Mot. Summ. J., Ex. D.)

Defendants filed the instant Motion for Summary Judgment on May 6, 2009. Munson did not file a response, but instead, Ms. Major-Trunfio filed a Petition to Withdraw as Counsel on the basis of irreconcilable differences with Munson. She also requested that this matter be stayed for sixty days to permit Munson to obtain new counsel, and requested an additional fourteen days to respond to the Motion for Summary Judgement upon the entry of new counsel. We held a hearing on this Motion on June 5, 2009,[2] and on this date, granted counsel's Motion to Withdraw and gave Munson until June 18, 2009 to file a response to the Motion for Summary Judgment or have new counsel enter an appearance on his behalf.[3] To date, Munson has done neither.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." See Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991). The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable

---

[2]Munson failed to appear at this hearing.

[3]Our Order further stated that "in the event that Plaintiff fails to file a response to the outstanding Motion for Summary Judgment or have new counsel enter an appearance by June 18, 2009, the Court will proceed to decide the outstanding Motion for Summary Judgment."

jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992). "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion. Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court determines that there are no genuine issues of material fact, then summary judgment will be granted. Celotex, 477 U.S. at 322.

## III. DISCUSSION

### A. Federal Claims

#### 1. Liability of the Defendant Officers

Defendants first argue that all of Munson's claims against the individual Defendant officers fail as a matter of law because Munson is unable to identify which officer(s), if any, used excessive force against him. Liability of an individual officer must be based on his own acts or omissions, and not those of other individual officers. Agresta v. City of Phila., 801 F. Supp. 1464, 1468 (E.D. Pa. 1992). A defendant in a civil rights action must have had personal involvement in committing the alleged violation. Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir.

1988); see also Reaves v. Vaugh, No. 00-2786, 2001 WL 936392, at *4 (E.D. Pa., Aug. 10, 2001).

Here, Munson is unable to identify any of the individual officers that he claims used excessive force against him. At best, in his deposition, he could only give a vague identification of the officer who Munson alleges threw him over a couch. When asked if he knew who the officer was "that put you against the couch," Munson responded: "I don't know his name. If I seen some of the cops again, but the faces from the incident is getting vague. But I somewhat remember half descriptions of them." (Munson Dep. 31:7-14.) Munson could only then give an incomplete description of the officer. He described the officer as a white male with longer hair and a slender build, and wearing black, as were several other of the officers present. (Munson Dep. 32:17-24.) Munson could not recall the color of the officer's hair or his approximate age (Id. at 34:21-35:3.) Moreover, Munson does not identify any other of the Defendant officers as the officers who allegedly used excessive force against him, and fails to identify any wrongful actions on their part. In Glass v. City of Phila., this Court held that "even if the Court were to find that the unidentified officer used excessive force when he allegedly pointed a gun at [the victim], there can be no § 1983 liability against an unidentified individual officer." 455 F. Supp. 2d 302, 367 (E.D. Pa. 2006).

In addition, Munson named five individual officers as Defendants in this case, and had the opportunity to depose each one of them in order to obtain further information as to their identities and actions on the night in question. He, however, chose not to do so; nor has he chosen to respond to this Motion. Since there is no evidence in this record that any of the Defendant officers used excessive force against Munson, all of his claims against them must be

dismissed.

**2. Liability of Commissioners Johnson and Ramsey**

Munson also brings § 1983 actions against former Police Commissioner Sylvester Johnson, and current Police Commissioner Charles Ramsey, in their official and individual capacities. Munson asserts that it was their policy, practice and/or custom to use excessive force in stopping and detaining crime suspects while making arrests. (Compl. ¶ 22.) These claims, however, are baseless.

An official-capacity suit is essentially a suit against the municipality itself. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). An official-capacity suit is "not a suit against the official personally, for the real party in interest is the entity." Id. Thus, all claims brought against Commissioners Johnson and Ramsey are properly treated as an action against the City, and thus, all claims against the Commissioners in their official capacities fail as a matter of law. In addition, Munson has not produced any evidence that Commissioners Johnson and Ramsey performed any actions in their official capacities that would establish a policy, practice, and/or custom of using excessive force in conducting arrests.

Furthermore, it is apparent that Munson also cannot maintain an action against the Commissioners in their individual capacities. It is well-settled that a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must

be made with appropriate particularity. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, as already noted above, Munson has not offered any evidence of any participation in, actual knowledge of, or acquiescence in wrongful conduct on the part of these Commissioners. As such, he cannot maintain § 1983 actions against them.

**3. Municipal Liability**

Munson next avers a § 1983 action against the City. "A municipality cannot be held liable solely because it employs a tortfeasor." Monell v. N.Y. City Dept. of Soc. Serv., 436 U.S. 658, 691 (1978). Instead, the plaintiff must assert that an actual policy or custom of the municipality was the cause of the constitutional deprivation. Id. In order to sufficiently allege "custom" for Monell purposes, a plaintiff must allege that the "practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." Id.

A government policy or custom can be established in two ways. Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well settled" as to virtually constitute law. Monell, 436 U.S. at 690; see also Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990). Munson has failed to produce any evidence that establishes that any alleged excessive force used against him amounts to a policy or custom of the City. Accordingly, all claims against the City are also dismissed.

**B. State Law Claims**

**1. Assault, Battery, and Harassment**

Munson also asserts state law tort claims for assault, battery, and harassment. When acting in furtherance of his or her statutory duty, a police officer may use "any force which [the officer] believes to be necessary to effect the arrest." 18 Pa. Cons. Stat. Ann. § 508 (2008). A police officer can be liable for assault or battery only if the officer uses excessive force to effect the arrest. See Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994). In Renk, the Pennsylvania Supreme Court explained the potential for liability as follows:

> [A] police officer may use reasonable force to prevent interference with the exercise of his authority or the performance of his duty. In making a lawful arrest, a police officer may use such force as is reasonably necessary under the circumstances to effectuate the arrest. The reasonableness of force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery.

Renk, 641 A.2d at 293.

Again, as with Munson's § 1983 claims, he cannot identify any of the Defendant officers who allegedly committed these intentional torts against him. Likewise, we grant summary judgment with respect to these claims.

**2. Intentional and Negligent Infliction of Emotional Distress**

Lastly, Munson asserts causes of actions for intentional and negligent infliction of emotional distress. These claims are also baseless. To prevail on a claim of intentional infliction of emotional distress, the plaintiff must prove that the defendant, by extreme and outrageous conduct, intentionally or recklessly caused the plaintiff severe emotional distress. Hackney v. Woodring, 622 A.2d 286, 288 (Pa. Super. Ct. 1993); Motheral v. Burkhart, 583 A.2d 1180 (Pa.

Super. Ct. 1990). Liability will be found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Restatement (Second) of Torts, § 46 comment d.

As previously discussed, Munson has failed to produce evidence that any of the actions of the Defendant officers during his arrest were extreme and outrageous and/or committed intentionally or recklessly. As such, he has failed to establish a cause of action for intentional infliction of emotional distress.

Munson's claim of negligent infliction of emotional distress is barred by the Political Subdivision Tort Claims Act ("the Act"). With limited exceptions, the Act provides the City with absolute tort immunity for acts of its employees. See 42 Pa.C.S.A. § 8541 et. seq. In addition, under § 8545 of the Act, an employee of an agency of the City has immunity co-extensive with that of the local agency. Section 8545 states:

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by the acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

42 Pa.C.S.A. § 8545.

The only exception to an employee's immunity under § 8545 is "willful misconduct" on the part of that employee. See 42 Pa.C.S.A. § 8550. This exception strips employees of their governmental immunity if they are found to be guilty of intentional torts. LaPlant v. Frazier, 564 F. Supp. 1095 (E.D. Pa. 1983). For purposes of the Act, "willful misconduct" is synonymous with the term "intentional tort." Kuzel v. Krause, 658 A.2d 856, 859 (Pa. Cmwlth. Ct. 1995);

King v. Breach, 540 A.2d 976, 981 (Pa. Cmwlth. Ct. 1988); see also Belt v. Geo Group, Inc., No. 06-1210, 2006 WL 1648971, *2 (E.D. Pa. June 12, 2006). In the instant case, however, as Munson has not produced evidence that any of the Defendant officers committed an intentional tort upon him, Munson cannot establish "willful misconduct" on the part of any officer. Therefore, summary judgment is also granted as to this claim.

An appropriate Order follows.